

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7th floor*          *973-645-2700*
*Newark, New Jersey 07102*

RTM/PL AGR
2025R00193

June 12, 2025

Laura Sayler, Esq.
Office of the Federal Public Defender
1002 Broad Street
Newark, New Jersey 07102
laura_sayler@fd.org

Re:     <u>Plea Agreement with Victor M. Hernandez Morales</u>

Dear Counsel:

This letter sets forth the plea agreement between your client, Victor M. Hernandez Morales ("Hernandez Morales" or the "Defendant"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **June 30, 2025**, if it is not accepted in writing by that date. If Hernandez Morales does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Hernandez Morales to an Information, which charges Hernandez Morales with conspiracy to distribute methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and in violation of 21 U.S.C. § 846. If Hernandez Morales enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Hernandez Morales for conspiring to distribute and possess with intent to distribute methamphetamine, as well as distribution of methamphetamine, on or about February 5, 2025.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Hernandez Morales even if the applicable statute of limitations period for those charges expires after Hernandez Morales signs this

agreement, and Hernandez Morales agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of 21 U.S.C. § 846 (contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)) to which Hernandez Morales agrees to plead guilty in the Information carries (1) a statutory minimum prison sentence of 10 years; (2) a statutory maximum prison sentence of life; and (3) a statutory maximum fine equal to the greatest of (i) $10,000,000,  (ii) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (iii) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentence may run consecutively to any prison sentence the Defendant is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon the Defendant is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Hernandez Morales ultimately will receive.

Further, in addition to imposing any other penalty on Hernandez Morales, the sentencing judge as part of the sentence:

(1)      will order Hernandez Morales to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)      may order Hernandez Morales to pay restitution pursuant to 18 U.S.C. § 3663 *et seq*.;

(3)      must order forfeiture, pursuant to 21 U.S.C. § 853;

(4)      may deny Hernandez Morales certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a;

(5)      pursuant to 21 U.S.C. § 841(b)(1)(A), must require Hernandez Morales to serve a term of supervised release of at least five (5) years, which will begin at the expiration of any term of imprisonment imposed; and

(6)      should Hernandez Morales be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, and pursuant to 18 U.S.C. § 3583(e)(3), Hernandez Morales may be sentenced to not more than five (5) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Forfeiture</u>

As part of Hernandez Morales's acceptance of responsibility and pursuant to 21 U.S.C. § 853, Hernandez Morales agrees to forfeit to the United States any and all property constituting or derived from any proceeds Hernandez Morales obtained, directly or indirectly, as the result of the violation charged in the Information, and all of Hernandez Morales's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violation charged in the Information.

Hernandez Morales further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; entitling the United States to forfeit substitute assets equal to the value of the proceeds obtained by Hernandez Morales (the "Money Judgment"). Hernandez Morales consents to the entry of an order requiring Hernandez Morales to pay the Money Judgment and agrees that such Order will be final as to Hernandez Morales prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Hernandez Morales's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Hernandez Morales further agrees that the United States Attorney's Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions,

interrogatories, and requests for production of documents, and the issuance of subpoenas.

Hernandez Morales waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Hernandez Morales consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to Hernandez Morales prior to the sentencing. Hernandez Morales understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise Hernandez Morales of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Hernandez Morales further understands that Hernandez Morales has no right to demand that any forfeiture of Hernandez Morales's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Hernandez Morales in addition to forfeiture.

Hernandez Morales further agrees that, not later than the date Hernandez Morales enters the guilty plea, Hernandez Morales will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Hernandez Morales fails to do so, or if this Office determines that Hernandez Morales has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Hernandez Morales by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Hernandez Morales's activities and relevant conduct with respect to this case.

Stipulations

This Office and Hernandez Morales will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United

States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Hernandez Morales waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Hernandez Morales understands that, if Hernandez Morales is not a citizen of the United States, Hernandez Morales's guilty plea to the charged offense will likely result in Hernandez Morales being subject to immigration proceedings and removed from the United States by making Hernandez Morales deportable, excludable, or inadmissible, or ending Hernandez Morales's naturalization. Hernandez Morales understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Hernandez Morales wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Hernandez Morales's removal from the United States. Hernandez Morales understands that Hernandez Morales is bound by this guilty plea regardless of any immigration consequences. Accordingly, Hernandez Morales waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Hernandez Morales also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Hernandez Morales. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Hernandez Morales from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Hernandez Morales and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
UNITED STATES ATTORNEY


By: _____
    Robert Taj Moore
    Assistant U.S. Attorney

APPROVED:

*Ronnell L. Wilson*
Ronnell L. Wilson, Chief
Special Prosecutions Division

- 6 -

I have received this letter from my attorney, Laura Sayler, Esq. It has been translated for me into Spanish. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date:    7/1/2025
Victor M. Hernandez Morales
Defendant


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date:    7/1/2025
Laura Sayler, Esq.
Counsel for Defendant

Plea Agreement with Victor M. Hernandez Morales ("Hernandez Morales")

Schedule A

1.    This Office and Hernandez Morales recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.    The version of the Guidelines effective November 1, 2024 applies in this case.

3.    The applicable guideline is U.S.S.G. §§ 2D1.1. As applied to Hernandez Morales, the Guidelines provide for a base offense level of 32 because the offense involved at least 150 grams but less than 500 grams of methamphetamine (actual). *See*, U.S.S.G. §§ 2D1.1. (a)(5) and (c)(4).

4.    Because the base offense level under U.S.S.G. §§ 2D1.1(a)(5) and (c)(4) is 32 and Hernandez Morales receives a mitigating role adjustment under U.S.S.G. § 3B1.2(b) (addressed below), the applicable base offense is decreased by two levels. This results in a base offense level of 30.

5.    Within the meaning of U.S.S.G. § 3B1.2(b), Hernandez Morales was a minor participant in the conduct relevant to his offense. This results in a two-level downward adjustment.

6.    Whether Hernandez Morales satisfies the criteria prescribed by 18 U.S.C. § 3553(f)(1) and U.S.S.G. § 5C1.2(a)(1) is yet to be determined.

7.    Within the meaning of 18 U.S.C. § 3553(f)(2) and U.S.S.G. § 5C1.2(a)(2), Hernandez Morales did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

8.    Within the meaning of 18 U.S.C. § 3553(f)(3) and U.S.S.G. § 5C1.2(a)(3), the offense did not result in death or serious bodily injury to any person.

9.    Within the meaning of 18 U.S.C. § 3553(f)(4) and U.S.S.G. § 5C1.2(a)(4), Hernandez Morales was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the Sentencing Guidelines, and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

10.    Whether, within the meaning of 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(a)(5), Hernandez Morales has truthfully provided to the Government, no later than the time of the sentencing hearing, all information and evidence she has

concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, is yet to be determined.

11.    Pursuant to U.S.S.G. § 2D1.1(b)(18), if the Court finds that Hernandez Morales satisfies all the criteria prescribed by U.S.S.G. § 5C1.2, a two-level downward adjustment would apply.

12.    If the Court finds that Hernandez Morales meets the criteria set forth in 18 U.S.C. § 3553(f)(1)-(5), the Court may impose a sentence without regard to any statutory mandatory-minimum sentence that might otherwise be applicable to any controlled substance offense charged in this case. If the Court determines that Hernandez Morales does not meet the criteria set forth in 18 U.S.C. § 3553(f)(1)-(5), the Court must impose a sentence subject to any applicable statutory mandatory-minimum sentence.

13.    As of the date of this letter, Hernandez Morales has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of two levels for acceptance of responsibility is appropriate if Hernandez Morales's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

14.    As of the date of this letter, Hernandez Morales has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further one-point reduction in Hernandez Morales's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Hernandez Morales enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Hernandez Morales's acceptance of responsibility has continued through the date of sentencing and Hernandez Morales therefore qualifies for a two-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Hernandez Morales's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

15. If Hernandez Morales establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level.

16.    Accordingly, the parties agree that the total Guidelines offense level (the "Total Offense Level") applicable to Hernandez Morales is:

a. **25**, if the Court finds that Hernandez Morales is not entitled to any reductions pursuant to **EITHER** U.S.S.G. § 5C1.2(a)(1)-(5) or U.S.S.G. § 4C1.1, subject to the applicable statutory mandatory-minimum term of 10 years' imprisonment;

- 9 -

b. **23**, if the Court finds that Hernandez Morales meets the criteria prescribed by U.S.S.G. § 4C1.1, but not the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)-(5), subject to the applicable statutory mandatory-minimum term of 10 years' imprisonment;

c. **23**, if the Court finds that Hernandez Morales meets the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)-(5), but not the criteria prescribed by U.S.S.G. § 4C1.1; or

d. **21**, if the Court finds that Hernandez Morales meets the criteria prescribed by **BOTH** U.S.S.G. § 5C1.2(a)(1)-(5) **AND** U.S.S.G. § 4C1.1.

17. Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.

18. If the term of imprisonment does not exceed 120 months, and except as specified in the next paragraph below, Hernandez Morales will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 37 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

19. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)    Any proceeding to revoke the term of supervised release.

(b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those

- 10 -

circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).